**RAWLINS CONSTRUCTION CO., INC., Plaintiff–Appellee,**

v.

**Keith DOWNES, d/b/a Downes Masonry, Defendant–Appellant.**

No. 01–5272.

United States Court of Appeals, Sixth Circuit.

Sept. 4, 2002.

Before KEITH and DAUGHTREY, Circuit Judges, and CARR,* District Judge.

PER CURIAM.

This diversity contract action is now before us for the second time. In the present appeal, defendant Keith Downes, doing business as Downes Masonry, objects to the district court's designation of the plaintiff, Rawlins Construction, Inc., as the "prevailing party" in the litigation and to the resulting award of attorneys' fees to the plaintiff. Furthermore, Downes contends that we should now revisit issues previously decided in the prior appeal.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in awarding fees to the plaintiff as the prevailing party in this litigation. Because the reasons why that award is justified have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court finding the plaintiff to be the prevailing party in this action, based upon the reasoning set out by that court in its order dated January 17, 2001.

Further, we decline to address the remaining issues raised on appeal, finding that they are governed by the law of the case, as set out in *Rawlins Constr., Inc. v. Downes*, Nos. 99–5265/5314, 2000 WL 977355 (6th Cir. July 7, 2000).

Finally, we REMAND this case to the district court for two purposes. The first is to permit the district court to reconcile the conflicting judgments entered by the district court on January 8, 1999, holding that the collateral source doctrine did not apply to the jury verdict in the plaintiff's favor, and on January 22, 1999, awarding judgment in the amount of $139,114 to the plaintiff. The earlier order would appear to be the correct one. The second purpose is to permit the district court to calculate the attorneys' fees due the plaintiff as the result of this appeal. We note in this regard that there has been no challenge to the method used by the district court to calculate fees to date, and we therefore direct that this same method be used to make the final award.